Sheehan Sullivan, WSBA No. 33189
Alexandria Cates, WSBA No. 53786
Davis Wright Tremaine LLP
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
Telephone: 206.622.3150
*Attorneys for Defendant Pacific Office Automation*

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON
AT SPOKANE

| | |
|---|---|
| DAVE MOHRING, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>PACIFIC OFFICE AUTOMATION, INC., a foreign profit corporation in the State of Washington, and DOES 1 through 100, inclusive,<br><br>Defendants. | Case No.<br><br>NOTICE OF REMOVAL |

TO PLAINTIFF, HIS ATTORNEY OF RECORD, THE CLERK, AND THE HONORABLE JUDGES OF THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF WASHINGTON: PLEASE TAKE NOTICE THAT, pursuant to 28 U.S.C. §§ 1332 (as amended by the Class Action Fairness Act of 2005, Pub. L. 109-2, section 4(a) ("CAFA")), 1441(a) and (b), and 1446, Defendant Pacific Office Automation, Inc. ("POA" or "Defendant"), hereby removes this action from the Superior Court of the State of Washington for Spokane

County ("Spokane County Superior Court") to this United States District Court for the Eastern District of Washington. In support of the removal, Defendant states as follows:

## I. PROCEDURAL BACKGROUND

1. On July 6, 2026, Plaintiff Dave Mohring ("Plaintiff") filed a Class Action Complaint for Damages in the Spokane County Superior Court for (1) failure to provide rest breaks in violation of RCW 49.12.020 and WAC 296-126-092; (2) failure to provide meal periods in violation of RCW 49.12.020 and WAC 296-126-092; (3) failure to pay overtime wages in violation of RCW 49.46.130; (4) payment of wages less than entitled in violation of RCW 49.46.090; (5) failure to accrue and allow use of paid sick leave in violation of RCW 49.46.210 and WAC 296-128-620; (6) unlawful deductions and rebates in violation of RCW 49.52.060 and WAC 296-126-028; (7) failure to pay all wages due at termination in violation of RCW 49.48.010; (8) willful refusal to pay wages in violation of RCW 49.52.050; and (9) failure to pay all wages due at established pay periods in violation of WAC 296-126-023.

2. Defendant denies all liability in this case, both as to Plaintiff's individual claims and as to the claims he seeks to pursue on behalf of the class. Solely for the purposes of the jurisdictional requirements of the Class Action Fairness Act of 2005 ("CAFA"), (1) Plaintiff's proposed putative class includes more than 100 members; (2) diversity of citizenship exists; and (3) the amount placed in controversy by Plaintiff's claims exceeds $5,000,000 exclusive of interest and costs. Therefore, this Court has original jurisdiction under 28 U.S.C. § 1332(d).

## II. TIMELINESS OF REMOVAL

3. On July 6, 2026, Plaintiff filed the Complaint in Spokane County Superior Court titled *Dave Mohring v. Pacific Office Automation, Inc.*, Case No. 26-



Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

2-03368-32. The Complaint was served upon Pacific Office Automation on July 17, 2026. *See* Exhibit A.

4. The removal of this action is timely because Pacific Office Automation is filing this Notice of Removal within 30 days after the service of the Summons and Complaint. *See* 28 U.S.C. § 1446(a); Fed. R. Civ. P. 6(a).

## III. VENUE

5. Plaintiff filed this action in Spokane County Superior Court. Venue therefore properly lies in the United States District Court for the Eastern District of Washington, pursuant to 28 U.S.C. §§ 128(b), 1291, and 1441(a).

## IV. JOINDER

6. Defendant has been served with a copy of the Complaint. Other than the "Doe" defendants, no other defendants are named in the Complaint.

## V. GROUNDS FOR REMOVAL UNDER CAFA

7. Pursuant to CAFA, "[t]he district courts shall have original jurisdiction of any civil action in which the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs, and is a class action in which . . . any member of a class of plaintiffs is a citizen of a State different from any defendant." 28 U.S.C. § 1332(d)(2)(A). CAFA also provides for jurisdiction in the district courts where the proposed class involves 100 or more members, and where the primary defendants are not states, state officials, or other governmental entities. 28 U.S.C. § 1332(d)(5). Thus, as set forth below, this is a civil action over which this Court has original jurisdiction under 28 U.S.C. §1332(d) because it is a civil action filed as a class action involving more than 100 members; the amount in controversy exceeds the sum of $5,000,000, exclusive of interest and costs, based on the allegations that Plaintiff set forth in the Complaint; Plaintiff and Defendant are citizens of different states; and no defendant is a state, state official, or government entity.



Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

**A. The Putative Class Consists of More than 100 Members**

8. CAFA provides that the district courts shall not have jurisdiction over actions "where the number of members of all proposed plaintiff classes in the aggregate is less than 100." 28 U.S.C. § 1332(d)(5). The number of putative class members in this case exceeds 100.

9. Plaintiff here purports to define the following class as "All hourly-paid or non-exempt employees of Defendants in the State of Washington at any time during the period from three years preceding the filing of this Complaint to final disposition of this action." Compl. ¶ 6.1.

10. Based on Plaintiff's definition of the class in the Complaint, Defendant believes

there are at least 312 members in the proposed class from July 6, 2023 through the present.[1] *See* Declaration of Amy Cortes ("Cortes Decl."), ¶ 5. Therefore, CAFA's numerosity requirement to establish more than 100 putative class members is clearly met.

**B. Diversity of Citizenship Exists Between Plaintiff and Defendant**

11. CAFA's diversity requirement is satisfied when any member of a class of plaintiffs is a citizen of a state different from any defendant. 28 U.S.C. § 1332(d)(2). The citizenship of the parties is determined by their citizenship status at the action's commencement. *See Mann v. City of Tucson*, 782 F.2d 790, 794 (9th Cir. 1986).

12. Plaintiff alleges that he is now (and at all times mentioned in the Complaint) a resident of Washington. Compl. ¶ 3.1. This establishes Plaintiff's citizenship in Washington. Additionally, Plaintiff is asserting claims on behalf of

---

[1] Defendant notes that Plaintiff's Complaint alleges that "[t]he number of class members is reasonably estimated to be at least one-thousand individuals." Compl. ¶ 6.2.



Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

Washington employees of Defendant. Therefore, at least one member of the putative class is a citizen of Washington.

13. Defendant was, at the time of the filing of this action, and still is, a citizen of a state other than Washington. POA is a corporation incorporated and organized under the laws of Oregon. *See* Cortes Decl., ¶ 3. Its principal place of business and headquarters is in Beaverton, Oregon. *Id*. Thus, for removal purposes, POA is a citizen of Oregon. *See* 28 U.S.C. § 1332(c)(1) ("a corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business."). Plaintiff's assertion in the Complaint that POA is a Washington corporation is erroneous.

14. The caption also lists "DOES 1 through 100" as defendants. There are no "Doe Defendants" in federal district court. For purposes of removal "the citizenship of defendant sued under fictitious names shall be disregarded." 28 U.S.C. § 1441(b)(1) (emphasis added); *Fristoe v. Reynolds Metals Co*., 615 F.2d 1209, 1213 (9th Cir. 1980) (unnamed defendants need not join in the removal petition). Thus, the inclusion of Doe defendants in the Complaint does not deprive this Court of jurisdiction.

15. Accordingly, at least one member of the putative class, Plaintiff, is a citizen of a state different than at least one defendant.

### C. The Amount in Controversy Exceeds $5,000,000

16. CAFA authorizes the removal of class action cases in which, among other factors mentioned above, the amount in controversy for all class members exceeds $5,000,000. 28 U.S.C. § 1332(d). Although Defendant denies that Plaintiff's claims have any merit, Defendant avers, for purposes of meeting the jurisdictional requirements for removal only, that if Plaintiff were to prevail on every claim and



Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

allegation in his Complaint on behalf of the putative class, the requested monetary recovery would exceed $5 million.

17. "[T]he amount in controversy reflects the maximum recovery the plaintiff could reasonably recover." *Arias v. Residence Inn by Marriott*, 936 F.3d 920, 922, 924, 927 (9th Cir. 2019) (a notice of removal is sufficient if it contains "plausible allegations of the jurisdictional elements") (citation omitted). Where, as here, the Complaint does not specifically allege an amount in controversy, the Defendant "need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S. Ct. 547, 549, 553 (2014) (holding defendants need not submit "evidence" establishing CAFA jurisdiction in their removal papers; rather, defendants only need to provide "a short and plain statement of the grounds for removal").

18. The amount in controversy refers to "possible liability"—not "likely or probable liability." *Jauregui v. Roadrunner Transp. Servs.*, 28 F.4th 989, 994 (9th Cir. 2022) (citing *Greene v. Harley-Davidson, Inc.*, 965 F.3d 767, 772 (9th Cir. 2020) (emphasis in original)). It is "supposed to be an estimate of the entire potential amount at stake in the litigation." *Id*. (emphasis in original). "Because '[t]he amount in controversy is simply an estimate of the total amount in dispute, not a prospective assessment of defendant's liability,' a removing defendant need not present evidence of what its ultimate liability will be." *Perez v. Rose Hills Co.*, 131 F.4th 804, 807 (9th Cir. 2025) (*quoting Lewis v. Verizon Commc'ns, Inc*., 627 F.3d 395, 400 (9th Cir. 2010)). A removing defendant may rely on a "chain of reasoning that includes reasonable assumptions" that are "founded on the allegations of the complaint' and do not necessarily need to be supported by evidence." *Id*. (quoting *Arias*, 936 F.3d



Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

at 925); *see also LaCross v. Knight Transp. Inc.*, 775 F.3d 1200, 1202 (9th Cir. 2015) (a removing party may rely on reasonable assumptions).

19. In wage and hour cases such as this one, the removing defendant is not required "to introduce evidence of the violation rate" but can rely on assumptions to satisfy the requirement that the amount in controversy exceeds five million "as long as the reasoning and underlying assumptions are reasonable." *Perez*, 131 F.4th at 807; *Jauregui*, 28 F.4th at 993 (same). In determining whether the amount in controversy exceeds $5,000,000, the Court must also presume Plaintiff will prevail on each one of his claims. *Campbell v. Vitran Exp., Inc.*, 471 F. App'x 646, 648 (9th Cir. 2012) ("a court must 'assume that the allegations of the complaint are true and assume that a jury will return a verdict for the plaintiff on all claims made in the complaint.'").

**1. Meal and Rest Period Damages**

20. Since July 6, 2023, Defendant has employed at least 312 individuals as hourly-paid, non-exempt employees in the state of Washington. *See* Cortes Decl., ¶ 5. The average hourly rate for the putative class during the Class Period is approximately $23.70. *Id*. The total number of workweeks worked by hourly-paid, non-exempt employees in Washington since July 6, 2023 is approximately 25,665. *Id*. It is common for hourly-paid, non-exempt employees to work five shifts per week, or more. *Id*.

21. Here, Plaintiff alleges that Defendant "regularly denied Plaintiff and Class Members lawful meal periods…" Compl. ¶ 5.6. The Complaint is silent as to how often Defendant allegedly failed to provide rest periods, but Plaintiff's allegations that Defendant "regularly" failed to provide compliant meal (including second meal) and rest breaks, put in controversy at least a 60% violation rate. *See Bryant v. NCR Corp.*, 284 F. Supp. 3d 1147, 1151 (S.D. Cal. 2018) (finding the



Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

defendant's use of a 60% violation rate when the complaint offered no guidance as to the frequency of violations, only alleging "pattern and practice" violations). *See also Sanchez v. Abbott Lab'ys*, No. 2:20-cv-01436-TLN-AC, 2021 WL 2679057, at *4 (E.D. Cal. June 30, 2021) ("courts in the Ninth Circuit have frequently held a violation rate between 20% and 60% to be reasonable when the plaintiff claims a 'pattern and practice' of violations."); *Serrieh v. Jill Acquisition LLC*, 707 F. Supp. 3d 968, 974 (E.D. Cal. 2023) (reiterating that courts in the Ninth Circuit frequently hold that a violation rate of 20%-60% was reasonable in cases involving pattern and practice violations, and noting that a 24% violation rate was "within the range and even on the low end of what would be acceptable."); *Wheatley v. MasterBrand Cabinets*, LLC, No. EDCV182127JGBSPX, 2019 WL 688209, at *6 (C.D. Cal. Feb. 19, 2019) (finding an estimate of five meal period and three rest break violations per week reasonable where Plaintiff alleged "a policy and practice" of meal and rest break violations); *Agredano v. Sw. Water Co.*, No. CV 17-02627 SJO (EX), 2017 WL 2985395, at *6 (C.D. Cal. May 30, 2017) ("Plaintiff further alleges that Defendants 'routinely' and 'consistently' failed to provide him and the putative class members with the required 30-minute lunch break periods. Plaintiff does not limit the number of violations alleged in his Complaint, nor has he offered any evidence that he or other putative class members missed fewer than five legally required meal breaks per week. Thus, the Court finds that 'Plaintiff's own complaint alleges universal violations of meal ... period laws' such that Defendant's 'use of a 100% violation rate [five missed meal periods] is proper.'").

22. Assuming a five-day workweek, the putative class worked approximately 128,325 shifts over the Class Period. Assuming a 60% meal break violation rate, the amount in controversy for the meal break claim alone is at least $912,390.75 (128,325 total shifts x 60% x $23.70 hourly rate x 0.5 (30 minutes)).



Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

Assuming one rest break violation per week, the amount in controversy for the rest break claim alone is at least $304,130.25 (128,325 total shifts x 60% x $23.70 hourly rate x 1/6 (10 minutes)). This estimate is reasonable, especially given the fact that this does not take into account Plaintiff's claim of interrupted meal periods (*see* Compl., ¶ 5.6) or failure to provide second meal periods (*id*.), which would provide for additional penalty pay and push meal and rest break exposure into the overtime rate. Thus, it is more likely than not that Plaintiff put in controversy at least $1,216,521 of meal and rest break damages ($912,390.75 + $304,130.25).

23. Further, Plaintiff seeks double damages. *See* Compl. ¶¶ 14.4–14.5. Accordingly, it is more likely than not that Plaintiff put at least $2,433,042 in damages in controversy for his meal and rest break claims ($1,216,521 x 2).

**2. Unpaid Overtime Damages**

24. Plaintiff also asserts that Defendant engaged in a "practice and/or policy" of failing to compensate Plaintiff and the putative class for work performed for what should have been a duty-free meal period—as well as off-the-clock work after clocking out of a shift. See Compl. ¶ 5.3. The Complaint alleges that off-the-clock work included post-shift paperwork that could take up to 30 minutes, mandatory company trainings with some modules taking up to six hours, and driving to jobsites while off the clock. *Id*.

25. Assuming, based on Plaintiff's allegations that Defendant failed to pay off-the-clock work after clocking out of a shift, that each putative class member would have been entitled to an additional one hour of overtime pay per week, that would add an additional $912,390.75 to the amount in controversy (1 hour at 1.5 times average hourly rate ($35.55) x 25,665 workweeks)). *See, e.g., Serrieh*, 707 F. Supp. 3d at 968 (finding that it was reasonable that the defendants assumed 1 hour



Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

of unpaid overtime per week when the complaint alleged a "policy and practice" of failing to pay overtime).

26. Further, Plaintiff seeks double damages. *See* Compl. ¶¶ 14.4–14.5. Accordingly, it is more likely than not that Plaintiff put at least $1,824,781.52 of total damages in controversy for his unpaid overtime claims ($912,390.75 x 2).

27. Also assuming, based on Plaintiff's allegations, that each putative class member would have been pushed into overtime pay from just one 30-minute missed meal period per week, that would add an additional $152,065.13 to the amount in controversy (.5 hours (30 minutes) at 0.5 times average hourly rate ($11.85) x 25,665 weeks worked).

28. Given that Plaintiff is seeking double damages, it is more likely than not that Plaintiff put at least $304,130.26 of total damages in controversy for his unpaid overtime on meal break claims ($152,065.13 x 2).

29. Accordingly, it is more likely than not that Plaintiff put at least $2,128,911.78 in overtime damages in controversy even before attorneys' fees are considered.

**3. Attorneys' Fees**

30. Plaintiff also seeks an unspecified amount of attorneys' fees in the Complaint. *See* generally Compl., Prayer for Relief, ¶ F. Attorneys' fees are properly considered when determining the amount in controversy for the purposes of removal. *See Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1156 (9th Cir. 1998) ("where an underlying statute authorizes an award of attorneys' fees . . . such fees may be included in the amount in controversy"). "Under Washington law, the percentage-of-recovery approach is used in calculating fees in common fund cases." *Vizcaino v. Microsoft Corp.*, 290 F.3d 1043, 1047 (9th Cir. 2002) (citing *Bowles v. Dep't of Ret. Sys.*, 121 Wn.2d 52, 72 (1993)). The Ninth Circuit has established "25 percent of the



Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

fund as the benchmark for a reasonable fee award in common fund cases." *In re Bluetooth Headset Prods. Liab. Litig.*, 654 F.3d 935, 942 (9th Cir. 2011); *In re Nat'l Collegiate Athletic Assoc. Grant-in-Aid Cap Antitrust Litig.*, 2017 WL 6040065, at *2 (N.D. Cal. 2017) (the 25% benchmark is "presumptively reasonable."). Therefore, the amount of attorneys' fees at issue based only on the estimate of meal and rest break and overtime damages is approximately $1,482,634.84 ($5,930,539.36 x 0.25).

31. In fact, it is not uncommon for courts to award attorneys' fees equal to one-third or more of the common fund in employment class actions. *See, e.g., Dunne v. Quantum Residential Inc.*, 2025 WL 896741, at *2 (W.D. Wash. Mar. 24, 2025) (granting request for a 40% fee); *Dennings v. Clearwire Corp.*, 2013 WL 1858797, at *10 (W.D. Wash. May 3, 2013) (granting request for 35.78% fee). Therefore, Defendant's 25% estimate is conservative. Moreover, a defendant's assumption as to the amount of attorneys' fees is reasonable where a defendant can show that plaintiff's counsel received an equal percentage in similar cases. *See, e.g., Bartholomew v. Goodman Mfg. Co.*, L.P., 2022 WL 4355147, at *8 (E.D. Cal. Sept. 20, 2022) (concluding that defendant's assumption as to the amount of attorneys' fees was reasonable because defendant showed that plaintiff's counsel received attorneys' fees in prior wage and hour class actions in an amount equal to defendant's presumed calculation rate); *Thompson v. Fastaff*, LLC, 2022 WL 4109450, at *7 (C.D. Cal. Sept. 8, 2022) ("[Defendant's] calculation of attorneys' fees based on a similar prior case brought by Plaintiffs is reasonable.").

32. Here, Plaintiff's counsel of record has routinely sought and justified attorneys' fee awards of 25% ***and greater*** in other wage and hour class actions. *See e.g.,* Amended Notice of Mot. and Mot. for Final Approval of Class Settlement and Representative Action Settlement, *Hines v. Constellis, et. al.*, No. 20STCV26962



Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

(Cal. Super. Ct. L.A. Cnty. Apr. 1, 2024) (requesting attorneys' fees in the amount of 35% of the gross settlement amount) (attached as **Exhibit B**).

33. Thus, it is reasonable to assume that Plaintiff's counsel will seek at least a 25% fee award if Plaintiff was to prevail in this case. *See Greene*, 965 F.3d at 774 n.4 ("Based on Harley-Davidson's evidence that Greene's attorney sought 35 percent in a similar case, it is reasonable to assume that Greene's attorney would seek fees equal to 25 percent of the amount in controversy if he were to prevail.").

### 4. Aggregate and Other Damages Sought

In aggregate, the potentially recoverable meal and rest period and overtime damages and corresponding attorneys' fees total approximately **$5,702,442.23.**

| **Claim** | **Total** |
|---|---|
| Meal Periods | $912,390.75 |
| Rest Periods | $304,130.25 |
| Double Damages on meal and rest break claims | $1,216,521.00 |
| Unpaid Overtime: Off the Clock (with double damages) | $1,824,781.52 |
| Unpaid Overtime: Meal Breaks (with double damages) | $304,130.26 |
| **Attorneys' Fees (25% of total alleged damages)** | $1,140,488.45 |
| **Total** | **$5,702,442.23** |

34. The calculation above is a conservative estimate of the actual amount in controversy because it excludes damages Plaintiff seeks for: (1) alleged unpaid wages; (2) alleged failure to properly compensate for sick leave; (3) failure to pay wages due at established pay periods; (4) failure to pay wages owed at termination; (5) alleged unlawful deductions and rebates; (6) failure to provide itemized and



Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

complete wage statements; (7) failure to maintain adequate records; and (8) the corresponding attorneys' fees for the aforementioned claims. The jurisdictional threshold is therefore met without taking into account all of the other damages Plaintiff seeks in the Complaint—all of which increase the actual amount in controversy significantly.

35. Based on the foregoing, removal jurisdiction is proper under CAFA because (a) there are more than 100 putative class members, (b) Plaintiff has diverse citizenship from Defendant, and (c) the amount in controversy exceeds $5,000,000.

## VI. COMPLIANCE WITH PROCEDURAL REQUIREMENTS FOR REMOVAL

36. A true and correct copy of the state court documents that have been served thus far on Defendant or that Defendant has served on Plaitniff is attached hereto as **Exhibit A.**

37. Consistent with 28 U.S.C. § 1446, Defendant provides this Notice of Removal, which provides the requisite "short and plain statement of the grounds for removal." 28 U.S.C. § 1446(a).

38. Pursuant to 28 U.S.C. § 1446(d), a copy of this Notice of Removal, with all exhibits, is being served upon counsel for Plaintiff and a copy of this Notice of Removal, with all exhibits, is being filed with the Clerk of the Spokane County Superior Court.

39. No jury demand has been filed in state court.

40. Because Defendant has shown that federal jurisdiction has been established over this action, Plaintiff bears the burden of proof to show that an exception to CAFA removal applies and justifies remand. *See Serrano v. 180 Connect, Inc.*, 478 F.3d 1018, 1024 (9th Cir. 2007). Plaintiff cannot meet this burden, as no exceptions apply to this action. Defendant expressly reserves its right



Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

to contest and further brief the applicability of any exception to removal under CAFA that Plaintiff may identify in any motion for remand.

## VII. CONCLUSION

41. Defendant respectfully requests that these proceedings, titled *Dave Mohring v. Pacific Office Automation, Inc.*, Case No. 26-2-03368-32, currently pending in the Spokane County Superior Court, be removed to this Court.

DATED this 17th day of August, 2026.

DAVIS WRIGHT TREMAINE LLP

By: *s/ Sheehan Sullivan*
Sheehan Sullivan, WSBA #33189

By: *s/ Alexandria Cates*
Alexandria Cates, WSBA #53786
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
Tel: (206) 622-3150
Email: sheehansullivan@dwt.com
alexcates@dwt.com

*Attorneys for Pacific Office Automation Wholesale Corporation*

**CERTIFICATE OF SERVICE**

I hereby certify that on the 17th day of August, 2026, I caused the attached to be electronically filed with the Clerk of the Court using the CM/ECF system, and I hereby certify that a copy was served via email and the Court ECF as follows:

Cassandra Lenning, WSBA No. 54336
Danielle E. Kim, WSBA No. 54154
Julian M. Cano, WSBA No. 58843
BIBIYAN LAW GROUP, P.C.
1460 Westwood Blvd.
Los Angeles, CA 90024
T: 310-438-5555
F: 310-300-1705
clenning@tomorrowlaw.com
dkim@tomorrowlaw.com
jcano@tomorrowlaw.com

*Attorneys for Plaintiffs*

DATED this 17th day of August, 2026.

*s/ Sheehan Sullivan*
Sheehan Sullivan, WSBA #33189



Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax